**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Omar VASQUEZ, also known as Agustin Lara–Gomez, also known as Omar Vasquez–Ortiz, Defendant–Appellant.**

**No. 06–41101**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 25, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Omar Vasquez appeals his guilty plea conviction and 41–months sentence for illegally reentering the United States after having been previously deported. Vasquez claims the district court erred by enhancing his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), based upon a determination that his Texas conviction for delivery of a controlled substance was a drug trafficking offense.

Pursuant to our decision in *United States v. Gonzales,* 484 F.3d 712, 714–15 (5th Cir.2007), the district court did err. When a district court misapplies the advisory Guidelines, remand is appropriate unless this court concludes, "on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed". *United States v. Davis,* 478 F.3d 266, 273 (5th Cir.2007) (internal quotations and citations omitted). Here, any error was harmless because the court stated that, even if it had miscalculated the Guidelines, it would have imposed the same sentence. *See id.*

Vasquez also challenges the constitutionality of 8 U.S.C. § 1326(b). He concedes his constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) and raises it here only to preserve it for further review.

***AFFIRMED.***

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.